# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS, | CASE NO. 1:11-cv-00456-GBC PC |
| Plaintiff, | ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND DENYING RECONSIDERATION |
| v. | |
| PHILLIPS, et al., | (Doc. 33) |
| Defendants. | ORDER DIRECTING CLERK'S OFFICE TO EXPUNGE ANY STRIKE GIVEN TO PLAINTIFF UNDER THE MTD ORDER (Doc. 31) CORRECTION PER FED. R. CIV. P. 60(a) |

I. **Procedural History**

Plaintiff, Michael B. Williams, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 7, 2011. (Doc. 1.) This action proceeded on Plaintiff's First Amended Complaint, filed May 17, 2011. (Doc. 17.) Plaintiff is committed at Coalinga State Hospital ("CSH") as a Sexually Violent Predator ("SVP") pursuant to California Welfare & Institutions Code § 6600, et seq.. (Doc. 14, 1st AC, pp. 1-2.)

On August 23, 2011, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants filed a motion to dismiss on the grounds both that Plaintiff fails to state a claim upon which relief may be granted and that Defendants are entitled to immunity. (Doc. 23.) On March 29, 2012, an order issued granting Defendants' motion to dismiss for failure to state a claim upon which relief may be granted, counting the dismissal as a strike under 28 U.S.C. § 1915, and

ordering entry of judgment in Defendants' favor and against Plaintiff resulting in case closure ("MTD Order"). (Doc. 31.) On April 4, 2012, Plaintiff filed a document entitled "Objections to Magistrate Judge's Findings and Recommendations" wherein he objects to the MTD Order, requests reconsideration, and submits a copy of his "Separate Statement of Undisputed Additional Case Authority in Support of Plaintiff's Motion for Judgment as a Matter of Law Pursuant to Federal Rules of Civil Procedure Rule 50(b), or in the Alternative, Summary Adjudication," which Plaintiff apparently signed on January 5, 2012. (Doc. 33.) This is a consent case, so the MTD Order was a dispositive order and not a findings and recommendation such that Plaintiff's objections are misplaced. However, this document is construed as a motion for reconsideration of the MTD Order. For the reasons discussed below, Plaintiff's objections are overruled and any intended request for reconsideration is denied.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

To the extent that Plaintiff seeks reconsideration of the MTD Order, he has failed to

1  present newly discovered evidence, commission of clear error, or any intervening change in the
2  controlling law.  Plaintiff does delineate a few new arguments, but does not state any basis to
3  explain his failure to raise them in his opposition and in fact the arguments presented in his
4  objection/request for reconsideration are based on cases decided long before the MTD Order
5  issued.  Therefore, Plaintiff has not met his burden as the party moving for reconsideration.
6  <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880.  Plaintiff's disagreement with the rulings in the
7  MTD Order is not sufficient grounds for relief from the order.  <u>Westlands Water Dist.</u>, 134
8  F.Supp.2d at 1131.  To the extent that Plaintiff's objections can be construed as requesting for
9  reconsideration, they are denied with prejudice.
10  However, it is noted that the MTD Order directed that the dismissal count as a strike
11  pursuant to 28 U.S.C. § 1915(g).  (Doc. 31.)  Since Plaintiff is a civil detainee, section 1915(g)
12  does not apply to this case such that its dismissal does not count as a strike.  Accordingly, per
13  Federal Rule of Civil Procedure 60(a), the Court now corrects this oversight and directs that any
14  strike give to Plaintiff under the MTD Order be expunged.

15  **V.  <u>Order</u>**

16  Based on the foregoing, it is HEREBY ORDERED that Plaintiff's objections are
17  OVERRULED; any request for reconsideration as raised in the document Plaintiff filed April 4,
18  2012 (Doc. 33) is DENIED with prejudice; and the Clerk's Office is directed that any strike
19  given to Plaintiff under 28 U.S.C. § 1915(g) as the result of the MTD Order (Doc. 31) is to be
20  EXPUNGED from his litigation records.
21  IT IS SO ORDERED.

22
23  Dated:    April 23, 2012                              UNITED STATES MAGISTRATE JUDGE