1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7
8

9  MICHAEL B. WILLIAMS,                        CASE NO. 1:11-cv-00456-GBC PC

10                     Plaintiff,              ORDER DENYING RECONSIDERATION

11       v.                                    (Doc. 34)

12  PHILLIPS, et al.,

13                     Defendants.

14  _____ /

15

## I.    Procedural History

16

Plaintiff, Michael B. Williams, a civil detainee proceeding pro se and in forma pauperis,

17  filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 7, 2011. (Doc. 1.)  This

18  action proceeded on Plaintiff's First Amended Complaint, filed May 17, 2011.  (Doc. 17.)

19  Plaintiff is committed at Coalinga State Hospital ("CSH") as a Sexually Violent Predator

20  ("SVP") pursuant to California Welfare & Institutions Code § 6600, et seq..  (Doc. 14, 1st AC,

21  pp. 1-2.)

22
On August 23, 2011, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

23  Defendants filed a motion to dismiss on the grounds both that Plaintiff fails to state a claim upon

24  which relief may be granted and that Defendants are entitled to immunity.  (Doc. 23.)  On March

25  29, 2012, an order issued granting Defendants' motion to dismiss for failure to state a claim upon

26  which relief may be granted, counting the dismissal as a strike under 28 U.S.C. § 1915, and

27  ordering entry of judgment in Defendants' favor and against Plaintiff resulting in case closure

28

1

1   ("MTD Order").  (Doc. 31.)  On April 4, 2012, Plaintiff filed a document entitled "Objections to

2   Magistrate Judge's Findings and Recommendations" wherein he objects to the MTD Order,

3   requests reconsideration, and submits a copy of his "Separate Statement of Undisputed

4   Additional Case Authority in Support of Plaintiff's Motion for Judgment as a Matter of Law

5   Pursuant to Federal Rules of Civil Procedure Rule 50(b), or in the Alternative, Summary

6   Adjudication," which Plaintiff apparently signed on January 5, 2012.  (Doc. 33.)  These

7   objections were overruled and construed as a motion for reconsideration which was denied in

8   part, but granted in as much as the strike was ordered expunged from Plaintiff's litigation

9   records.  (Doc. 38.)  Prior to this ruling, on April 17, 2012, Plaintiff filed a motion for

10  reconsideration (Doc. 34) and then appealed the MTD Order (Doc. 35).

11          For the reasons discussed below, Plaintiff's request for reconsideration is denied.[1]

12  **II.      Reconsideration**

13          **A.      Legal Standard**

14          Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

15  for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to

16  prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.

17  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).

18  The moving party must demonstrate both injury and circumstances beyond his control.  Id.

19  (quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that

20  Plaintiff show "what new or different facts or circumstances are claimed to exist which did not

21  exist or were not shown upon such prior motion, or what other grounds exist for the motion," and

22  "why the facts or circumstances were not shown at the time of the prior motion."

23          "A motion for reconsideration should not be granted, absent highly unusual

24  circumstances, unless the district court is presented with newly discovered evidence, committed

25  clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

26

27          [1] While Plaintiff has filed an appeal (Doc. 35), it is ineffective until Plaintiff's objections and motion for
28  reconsideration are decided.  *See* Fed. R. App. P. 4(a)(4); Miller v. Marriot Intl'l, Inc., 300 F.3d 1061, 1063-64 (9th
    Cir. 2002).

1    raise arguments or present evidence for the first time when they could reasonably have been

2    raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571

3    F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in

4    original).

5              **B.      Discussion**

6              The basis for Plaintiff's motion is his belief that the undersigned is without authority to

7    rule on his motion, which was addressed above, and his disagreement with the Court's rulings.

8              To the extent that Plaintiff seeks reconsideration of the MTD Order, he has failed to

9    present newly discovered evidence, commission of clear error, or any intervening change in the

10   controlling law.  Plaintiff does delineate a few new arguments, but does not state any basis to

11   explain his failure to raise them in his opposition and in fact the arguments presented in his

12   objection/request for reconsideration are based on cases decided long before the MTD Order

13   issued.  Therefore, Plaintiff has not met his burden as the party moving for reconsideration.

14   Marlyn Nutraceuticals, Inc., 571 F.3d at 880.  Plaintiff's disagreement with the rulings in the

15   MTD Order is not sufficient grounds for relief from the order.  Westlands Water Dist., 134

16   F.Supp.2d at 1131.

17             Plaintiff asserts four basis upon which he seeks reconsideration: (1) that the undersigned

18   acted in excess of his jurisdiction by issuing the MTD Order that was final rather than issuing

19   findings and conclusions of law for review by a district judge (Doc. 34, Recon Mot, 3:15-4:2);

20   (2) that the MTD Order reviewed his claims under the standards for frivolousness rather than the

21   standards applicable under Federal Rule of Civil Procedure 12(b)(6) for whether a cognizable

22   claim was stated (id., at 4:3-27); (3) that leave to amend should have been given (id., at 3:5-14,

23   5:2-5); and (4) that Defendants' statement of uncontroverted facts was wrongly accepted as true

24   (id., 5:6-22).

25             Plaintiff's objection to the resolution of his motion for injunctive relief by the

26   undersigned without district judge review is without merit and his request for reconsideration by

27   the Honorable Anthony W. Ishii is disregarded.  Plaintiff consented to Magistrate Judge

28   jurisdiction on March 23, 2011.  (Doc. 8.)  Therefore, this action is assigned to the undersigned

1   to resolve all pending matters pursuant to Appendix A(k)(4) of the Local Rules of the Eastern

2   District of California such that the undersigned did not act in excess of applicable jurisdiction in

3   ruling on and granting Defendants' Motion to Dismiss.  Furthermore, a party's disagreement with

4   a court's ruling provides no basis for the withdrawal of consent.  Dixon v. Ylst, 990 F.2d 478,

5   480 (9th Cir. 1993).

6       The MTD Order provided Plaintiff with the applicable legal standards and set forth the

7   Court's reasoning in support of the ruling.  The Court notes that Plaintiff misrepresents the ruling

8   and its legal basis.  Plaintiff asserts that the Court wrongly found his claims to be frivolous.

9   However, the Court found that Plaintiff's First Amended Complaint did not state a claim upon

10  which relief may be granted under section 1983; the Court did not find that Plaintiff's claims

11  were frivolous.[2]   Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009) (a claim

12  must be facially plausible to state a claim); Neitzke v. Williams, 490 U.S. 319, 324-27, 109 S.Ct.

13  1827, 1831-32 (1989) (a complaint or claim is frivolous if it lacks arguable basis in law or in

14  fact).  Further, leave to amend need not be given where, as in this case, the complaint's

15  deficiencies cannot be cured by amendment.  *See* Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.

16  1987).

17      Plaintiff's argument that Defendants' statement of uncontroverted facts, as required in

18  motions for summary judgment, was wrongly accepted as true is without merit as the underlying

19  motion was a motion to dismiss for failure to state a claim under Rule 12(b)(6), not a motion for

20  summary judgment, and no such statement of facts was submitted by Defendants, accepted as

21  true, or even mentioned in the MTD Order.

22      It is noted that the order overruling Plaintiff's objections and denying any motion for

23  reconsideration that could be construed therein already expunged the strike from Plaintiff's

24  litigation record so as to render that issue moot.  (Doc. 38.)

25

26      [2] In Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), the Supreme Court was analyzing a previous
27  version of the in forma pauperis statute.  To the extent Plaintiff is arguing that the Court can only dismiss his claim if
    it is frivolous, his argument is precluded by the current version of the statute, which permits dismissal for failure to
28  state a claim.  28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (recognizing that
    section 1915(d), at issue in Neitzke, has been replaced).

1   **III.**     <u>**Order**</u>

2         Based on the foregoing, it is HEREBY ORDERED that:

3         1.     Plaintiff's motion for reconsideration of the order granting Defendants' motion

4                dismiss,  filed April 17, 2012 (Doc. 34) is DENIED with prejudice;

5         2.     Plaintiff's request for reconsideration by Judge Ishii is disregarded; and

6         3.     Plaintiff's request that the strike given to him under 28 U.S.C. § 1915(g) as the

7                result of the MTD Order (Doc. 31) is disregarded as moot.

8   IT IS SO ORDERED.

9

Dated:   __May 7, 2012__

10                                 UNITED STATES MAGISTRATE JUDGE